UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**VERSACE ALAN SCOTT**                                                                                  **PLAINTIFF**

v.                                                                               **CIVIL ACTION NO. 1:24-CV-P8-JHM**

**DPA OFFICE HOPKINSVILLE KY et al.**                                                      **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee at the Logan County Detention Center, sues the DPA Office in Hopkinsville, Kentucky; Christian County; and two of the DPA Office's public defenders, Victoria Citron and Darrin Higgs. He alleges that Citron and Higgs were his court-appointed attorneys. He states that he told them that the charges against him were "false and to contact the sherriff and FBI to verify I had a open FBI case on the officer who arrested him." Plaintiff alleges that both Citron and Higgs "left me in jail." He also alleges that they failed to file a motion to dismiss his charges despite his request.

Plaintiff requests compensatory and punitive damages and to be released from wrongful imprisonment.

### II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). It is firmly established that a defense attorney, regardless of whether he or she is a public defender or private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of

§ 1983."); *McBee v. Campbell Cnty. Det. Ctr.*, No. 17-5481, 2018 WL 2046303, at *4 (6th Cir. Mar. 15, 2018) ("[A]public defender [] is [] not subject to liability under § 1983 as she 'does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'") (citation omitted).

Thus, Plaintiff fails to state a claim under § 1983 against these Defendants regarding any performance of a traditional lawyer function, such as determining what motions to file.

Further, Plaintiff makes no allegations involving Christian County. The only connection to the case evident from the complaint is that Christian County is the county in which the DPA Office is located.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: April 15, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009